IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA EMERICK,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civil Action No. 12-349

O R D E R

AND NOW, this 18th day of April, 2013, upon consideration of Defendant's Motion for Summary Judgment (document No. 13) filed in the above-captioned matter on August 31, 2012,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 11) filed in the above-captioned matter on August 2, 2012,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I. **Background**

On April 11, 2008, Plaintiff Lisa Marie Emerick filed her claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.

1

Specifically, Plaintiff claimed that she became disabled on September 30, 2006, due to asthma, sleep apnea, acid reflux, depression, anxiety, diabetes, and anemia. (R. 174).

After being denied initially on August 7, 2008, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on May 19, 2010. (R. 19-67). In a decision dated June 8, 2010, the ALJ denied Plaintiff's request for benefits. (R. 9-18). The Appeals Council declined to review the ALJ's decision on January 18, 2012. (R. 1-3). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as

adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the

disability claim will be denied. See <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See <u>Adorno v. Shalala</u>, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In

4

making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff met the insured requirements of the Social Security Act through December 31, 2011. (R. 11). Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that she was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset of disability. (R. 11). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had several severe impairments, specifically, asthma/reactive airways disease, diabetes with peripheral neuropathy, mild tarsal tunnel syndrome, depressive disorder NOS, generalized anxiety disorder/social anxiety disorder, post-traumatic stress disorder, and borderline intellectual functioning. He found, however, that Plaintiff's partial seizures disorder, sleep apnea, voice loss, and gastroesophageal reflux disease did not constitute severe impairments. (R. 12). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 12-13).

The ALJ found that Plaintiff retained the RFC to perform light

work that requires standing/walking no more than six hours out of an eight hour work day and sitting no more than six hours in an eight hour work day; requires no climbing of ladders, ropes, or scaffolds and no more than occasional performance of other postural movements, such as balancing, stooping, kneeling, crouching, crawling, or climbing stairs; avoids temperature extremes of heat and cold, as well as wetness, humidity, dust, fumes, odors, gases, pollutants, and allergens; is limited to unskilled work, working with things rather than people; involves no contact with the public and no more than occasional contact with supervisors and co-workers; and involves no rapid production pace.

(R. 13-17). Based on this RFC, Plaintiff established that she is incapable of returning to her past employment; therefore, the ALJ moved on to Step Five. (R. 17). The ALJ then used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs, including garment marker and sorter and laundry folder, that exist in significant numbers in the national economy. (R. 18, 63). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 18).

## IV. **Legal Analysis**

Plaintiff argues that the ALJ erred in assessing her mental impairments and in formulating her RFC based on these impairments. The Court agrees and finds that substantial evidence does not support the ALJ's decision. Specifically, the Court finds that the ALJ failed to explain adequately the basis for his determination of Plaintiff's RFC

and his hypothetical question to the VE as they relate to Plaintiff's mental impairments. Accordingly, the Court will remand the case for further consideration.

As noted above, the ALJ, in determining Plaintiff's RFC, included several limitations resulting from her mental impairments. Specifically, the ALJ found that Plaintiff was limited to unskilled work, working with things rather than people, to work involving no contact with the public and no more than occasional contact with supervisors and co-workers, and to work involving no rapid production pace. (R. 13). Plaintiff argues that the ALJ failed to provide an adequate explanation as to why he decided not to include additional limitations found in the record. The Court agrees.

As Plaintiff points out in her brief, the ALJ afforded significant weight to the opinions of the state agency psychologist, Jan Melcher, Ph.D., because he found those opinions to be consistent with the longitudinal record. (R. 17). While the ALJ included some of the limitations found by Dr. Melcher in Plaintiff's RFC, he failed to address others at all. For instance, consistent with Dr. Melcher's opinion, the RFC contains restrictions regarding contact with the public, supervisors, and co-workers, and limits Plaintiff to work involving no rapid production pace, which arguably addresses the limitations in maintaining attention, concentration, and pace found by Dr. Melcher. However, Dr. Melcher also found that Plaintiff had moderate limitations in her ability to understand, remember, and carry out detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary

tolerances; make simple work-related decisions; respond appropriately to changes in the work setting; and set realistic goals or make plans independently of others. (R. 357-58). The ALJ neither included any such limitations in the RFC nor explained why he did not. This failure warrants a remand for further consideration and discussion.

RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." Fargnoli, 247 F.3d 34 at 40. See also 20 C.F.R. §§ 404.1545(a), 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705). See also SSR 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Further, a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, although it need reflect only those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). "Where there exists in the record medically undisputed evidence of specific impairments not

8

included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).

Accordingly, while the ALJ was by no means required to simply adopt all of the limitations found by the state reviewing agent, he was required to explain his basis for rejecting them if he chose to do so, particularly in light of the fact that he expressly gave significant weight to these opinions in formulating the RFC. Indeed, most of the limitations included in Dr. Melcher's findings that the ALJ did not address are the same or similar to limitations found by Lanny Detore, Ed.D., the consultative examiner. (R. 355).[1] While the ALJ afforded only limited weight to Dr. Detore's opinions (R. 16), he did state that many of his opinions had been accommodated in the RFC. The fact that the ALJ left out limitations found by both professionals while implying that he had adopted, or at least partially accommodated, their findings requires further explanation.

It is possible that the ALJ felt that limiting Plaintiff to unskilled work adequately addressed any deficiencies in dealing with detailed instructions, maintaining regular attendance and punctuality, making simple work-related decisions, responding appropriately to changes in the work setting, and formulating realistic goals and plans. However, a mere limitation to unskilled work does not account for such

---

[1] The Court notes that Plaintiff's treating therapist, Krista Boyer, M.S., opined that Plaintiff had much more restrictive limitations. The ALJ adequately explained the reasons for the weight afforded to her opinions (R. 15-16), which were clearly patient accommodations, and substantial evidence supports the ALJ's findings in this regard.

9

limitations in any meaningful way.[2]  Social Security Ruling 85-15 provides:

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.  A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base.

SSR 85-15, 1985 WL 56857 (S.S.A.), at *4.  The Third Circuit Court of Appeals has similarly stated that the basic mental demands of unskilled work include the abilities to understand, remember, and carry out simple instructions, to make judgments that are commensurate with the functions of one's task, and to respond appropriately to co-workers and work settings.  See Guerrero v. Commissioner of Soc. Sec., 249 Fed. Appx. 289, 292 (3d Cir. 2007).

Plaintiff does not appear to have limitations regarding simple instructions, and the ALJ did address Plaintiff's limitations regarding supervision and co-workers, which allowed the VE to limit the occupational base accordingly.  However, both Dr. Melcher, whose opinions were given significant weight, and Dr. Detore suggested at least moderate restrictions relating to dealing with changes in a routine work setting, and with make simple work-related decisions.  As discussed above, the ability to do unskilled work assumes the ability to

---

[2] The Court notes that the other limitations in the RFC related to Plaintiff's mental limitations also do not address these additional restrictions, but rather, as discussed above, were added to account specifically for other mental limitations.

10

do these things. The types of limitations found by these professionals therefore could have eroded the relevant occupational base even in regard to unskilled work, and, as such, merely limiting Plaintiff to unskilled work was not sufficient in addressing these other limitations. See Shar v. Astrue, 2012 WL 1836091, at *9 (W.D. Pa. May 21, 2012) ("A limitation restricting Shar to 'unskilled' work simply fails to adequately account for the limitations resulting from her mental impairments [including moderate limitations in her ability to respond appropriately to changes in a routine work setting and moderate to marked limitations in her ability to respond appropriately to work pressures]."). Cf. Kuznetsov v. Astrue, 2012 WL 11028, at *7 (W.D. Pa. Jan. 3, 2012).

Where, as here, there is potentially conflicting evidence in the record, the ALJ must explain which evidence he accepts and rejects and the reasons for his determination. See Cruz v. Commissioner of Soc. Sec., 244 Fed. Appx. 475, 479 (3d Cir. 2007) (citing Hargenrader v. Califano, 575 F.2d 434, 437 (3d Cir. 1978)). See also Fargnoli, 247 F.3d at 42. Here, the state agency psychologist, whose opinions were given significant weight, and Dr. Detore, whose opinions were at least given some weight, offered opinions of restrictions that would appear to conflict with a mere limitation to unskilled work. The ALJ is not necessarily obligated to accept these limitations, but he cannot ignore them. The Court expresses no opinion as to whether the ALJ's RFC determination and hypothetical in regard to Plaintiff's mental impairments *could* be supported by the record. It is the need for further explanation that mandates the remand on this issue.

## V. Conclusion

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC and his hypothetical question to the VE are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:      Counsel of record